BRANDIE CHARLES, Bar No. 188892
bcharles@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.:   310.553.5583

JENNY BURKE, Bar No. 240643
jburke@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
Irvine, CA 92612
Telephone: 949.705.3000
Fax No.:   949.724.1201

Attorneys for Defendant
THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INCORPORATED, INCORRECTLY SUED AS THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNY HUGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC., a Corporation; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No. 8:23-cv-01115<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM ORANGE COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446 [DIVERSITY JURISDICTION]**<br><br>[OSCS Case No: 30-2023-01326058-CU-OE-CJC]<br><br>Complaint Filed: May 17, 2023 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF BENNY HUGO AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INCORPORATED, incorrectly sued as THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC., (hereinafter "Defendant") hereby removes the above-entitled action, Case No. 30-2023-01326058-CU-OE-CJC, from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Orange. Thus, removal to the Central District of California is proper pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3. On May 17, 2023, Plaintiff BENNY HUGO filed a Complaint in the Superior Court of the State of California, County of Orange ("OCSC"), styled *BENNY*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

2.
NOTICE OF REMOVAL OF CIVIL ACTION

*HUGO, an individual, Plaintiff, v. THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC., a Corporation; and DOES 1 - 10, inclusive, Defendant*, bearing Case No. 30-2023-01326058-CU-OE-CJC (the "Complaint"). The Complaint asserts the following five causes of action: (1) Disability Discrimination in Violation of the FEHA; (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in Good Faith Interactive Process in Violation of the FEHA; (4) Wrongful Termination in Violation of Public Policy; (5) Retaliation in Violation of FEHA.

4. On May 24, 2023, a copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing – Case Management Conference were personally served on Defendant's agent for service of process. A true and correct copy of all documents served on Defendant are attached hereto as **Exhibit "A"** to the Declaration of Jenny Burke (hereinafter, "Burke Declaration").

5. On June 20, 2023, Defendant Filed its Answer to the Complaint in OCSC. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B"** to the Burke Declaration.

6. According to the OCSC register of actions, on May 25, 2023 and June 9, 2023, Plaintiff filed Proof of Personal Service. True and correct copies of the Proofs of Personal Service obtained from OCSC are attached hereto as **Exhibit "C"** and **Exhibit "D"**, respectively, to the Burke Declaration.

7. Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

**TIMELINESS OF REMOVAL**

8. Plaintiff served the Summons and Complaint via personal service on Defendant's designated agent for service of process on May 24, 2023. Burke Decl. ¶2.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

3.

NOTICE OF REMOVAL OF CIVIL ACTION

9. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one year after commencement of this action.

## BASIS FOR REMOVAL
## DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

10. Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

11. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. DIVERSITY OF CITIZENSHIP IS MET

12. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he was "at all relevant times an individual residing in the County of Orange, State of California." (Compl. ¶9.) In addition, Plaintiff's last known address was located in Cypress, California. Defendant is informed and believes that Plaintiff attended university in California. At the time of applying for employment with Defendant, Plaintiff indicated that he had left a job in 2008 in order to return "home" to California. Defendant is informed and believes that

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

4.
NOTICE OF REMOVAL OF CIVIL ACTION

Plaintiff has remained a citizen of California since that time. Defendant has conducted a diligent investigation and based on public records is informed and believes that further investigation and discovery will confirm that Plaintiff remains a resident of California and was domiciled in California as of the filing of the complaint (which was less than one month after his employment ended) and the time of removal. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

13. Defendant was, at the time of filing this action, and still is at the time of removal, a corporation incorporated under the laws of New York. Defendant's principal place of business is in New Jersey. Defendant is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

14. For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. 28 U.S.C §1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 81; 130 S. Ct. 1181, 1186; (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' (Citations omitted.) We believe that the 'nerve center' will typically be found at a corporation's headquarters." *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen in which its corporate headquarters are located and where its executive functions are performed.)

15. While Defendant's formal corporate headquarters are located in the State of New York, as of the date of filing and as of the date of this removal, Defendant's

operations center is located in the State of New Jersey. New Jersey is Defendant's principal place of business and is where nearly all of its corporate and executive officers are employed and where its administrative functions, including marketing, operations, and planning are conducted. Defendant's operations center in New Jersey is also where decisions are made with respect to the direction of the Company.

16. Defendant is therefore a citizen of New York and New Jersey for purposes of determining diversity of citizenship.

17. The Complaint names as defendants "DOES 1 - 10, Inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Further, no fictitious defendant has been served.

18. As more fully set forth below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

B. **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

19. Plaintiff's Complaint seeks general and compensatory damages, wages and applicable statutory penalties, prejudgment interest, attorneys fees and costs, punitive and/or exemplary damages. (Compl. Prayer for Relief ¶¶1-5.) He also claims to have suffered "humiliation, emotional distress, and mental and physical pain and anguish." (Compl. ¶¶ 18, 27, 36, 46.).

20. Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiff's claims to be accurate for purposes of this removal only, the amount in controversy exceeds the jurisdictional minimum. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

6.

NOTICE OF REMOVAL OF CIVIL ACTION

*Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). However, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

21. The Complaint does not include a total amount of damages claimed. The failure of the Complaint to specify the total amount of monetary relief sought personally by Plaintiff does not deprive this Court of jurisdiction, however. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). Instead, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 861-62 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996).

22. The U.S. Supreme Court has affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83; 135 S. Ct. 547, 551 (2014) (*citing* 28 U. S. C. §1446(a)). Moreover, Defendant need not submit evidence to support their notice of removal. *Id.* at 84. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. at 87. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). However, even if an evidentiary showing were required, Defendant only needs to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id.* at 88. While the type of Plaintiff's claim demonstrates

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

7.

NOTICE OF REMOVAL OF CIVIL ACTION

that the amount in controversy is exceeded, out of an abundance of caution Defendant provides greater detail, *infra*, that confirms that the amount in controversy placed at issue by Plaintiff exceeds $75,000

23. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (including attorneys' fees in amount in controversy when the underlying statute authorizes mandatory or discretionary attorneys' fee award).

24. **Economic Damages**: First, compensatory damages are considered when determining the amount in controversy. *Bell v. Preferred Life Assur. Soc'y of Ala.*, 320 U.S. 238, 240 (1943). Here, Plaintiff alleges that he was terminated from his employment on or about May 4, 2023. (Compl. ¶ 7.) Although Defendant denies that Plaintiff is entitled to recover any such damages, assuming *arguendo* Plaintiff recovers back wages and benefits, the amount in controversy at present would be **over $100,000**. Plaintiff's annual salary at the time of termination was **$140,000**.

25. Estimating that a trial would be at least one year from the time of filing, the amount of back pay in controversy will be at least a years' salary of $140,000, which does not include the value of benefits.

26. In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendant, such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages of one year, the amount of future wages in controversy in this case would total at least an additional **$140,000.**

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

8.

NOTICE OF REMOVAL OF CIVIL ACTION

27. Thus, it may reasonably be estimated that Plaintiff's claims involve alleged economic damages (*i.e.*, back pay and front pay) that alone total in excess of **$280,000** ($140,000+ $140,000 = $280,000).

28. **Non-Economic Emotional Distress Damages:** Second, Plaintiff alleges that he is entitled to non-economic damages. (Compl. ¶¶ 18, 27, 36, 46.) Emotional distress damages may be considered in calculating the amount in controversy even if not clearly pleaded in the complaint, and alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

29. Indeed, Plaintiff's request for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g.*, *Gardenhire v. Hous. Auth. of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Watson v. Dep't of Rehab.*, 212 Cal. App. 3d 1271, 1294 (1989) (affirming over $1 million for emotional distress damages and medical expenses in discrimination case); *Iwekaogwu v. City of L.A.*, 75 Cal. App. 4th 803, 821 (1999) (affirming $450,000 award for emotional distress based on discrimination and retaliation claims); *see also Simmons*, 209 F. Supp. 2d at 1034 (collecting cases).

30. Moreover, under the law, there is no precise measure of damages for emotional distress. *California Practice Guide: Employment Litigation*, § 17:350,

9.

NOTICE OF REMOVAL OF CIVIL ACTION

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

*Rutter Group* (2022). Nonetheless, a plaintiff is entitled to "a reasonable amount" to compensate for "'suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame'" that plaintiff has suffered and is "'reasonably certain to suffer'" in the future.[1] *Id.*; s*ee also* CAL. CIV. CODE § 3283. The question a jury would be asked to determine in this case upon a finding of liability is: what is a "reasonable amount" to compensate for Plaintiff's emotional distress. For purposes of jurisdiction, the question simply is how much in emotional distress damages has Plaintiff placed in controversy.

31. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S. Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000** to the amount in controversy.

32. **Punitive Damages:** Third, Plaintiff seeks an award of punitive damages. (Complaint at Prayer for Relief; See also, ¶¶20, 27, 38, 43, 47.) Punitive damages are included in calculating the amount in controversy. See *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (*i.e.*, no more than nine-to-one) is typically appropriate when issuing an award of punitive damages. *State Farm vs. Campbell*, 538 U.S. 408, 425 (2003). Here, Plaintiff's request for punitive damages alone would substantially increase the amount in controversy. In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant

---

[1] While there is no clearly established definition of "reasonable certainty," evidence of future detriment has been held sufficient based on expert medical opinion which considered the plaintiff's particular circumstances and the expert's experience with similar cases." *Bihun v. AT&T Info. Servs., Inc.*, 13 Cal. App. 4th 976, 995 (1993), *overruled on other grounds*.

employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, including his alleged damages, if Plaintiff were to prevail on his punitive damages claim, that claim alone could exceed the jurisdictional minimum.

33. **Attorneys' Fees:** Finally, Plaintiff seeks attorneys' fees, which must also be considered in determining whether the jurisdictional limit is met. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt*, 142 F.3d at 1155-56). In California, it is not uncommon for an attorneys' fee award to exceed $75,000 alone. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less).

34. Summary of Amount in Controversy

| **Plaintiff's Claims** | **Amount in Controversy** |
|---|---|
| Back Pay | **$140,000** |
| Front Pay | **$140,000** |
| Emotional Distress | **$25,000** |
| Attorneys' Fees | TBD |
| Punitive Damages | TBD |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

11.

NOTICE OF REMOVAL OF CIVIL ACTION

| TOTAL | $305,000 + attorneys' fees + punitive damages |
|---|---|

35. In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, even a conservative estimate of the amount in controversy is well in excess of the $75,000 minimum threshold. The Court therefore has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332 subsection (a)(1) and 1441

**NOTICE TO STATE COURT AND PLAINTIFF**

36. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given to Plaintiff's counsel, Law Offices of Buchsbaum & Haag, LLP. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated: June 22, 2023

Respectfully submitted,

/s/ Jenny Burke
BRANDIE CHARLES
JENNY BURKE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INCORPORATED, INCORRECTLY SUED AS, THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
(949) 705-3000

12.
NOTICE OF REMOVAL OF CIVIL ACTION